Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5429 | **DATE** | 1/8/2002 |
| **CASE TITLE** | Jerry Lee McCabe vs. Aramark Food Services, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' Motion to Dismiss is denied. Ruling date stricken. Status hearing set for January 29, 2002 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | JAN 10 2002 | | |
| | Notified counsel by telephone. | | date docketed | | 17 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| WAP | courtroom deputy's initials | 02 JAN 10 AM 8:00 | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV - 8 2002

Judge Harry D. Leinenweber
U.S. District Court

JERRY LEE McCABE,

    Plaintiff,

v.

ARAMARK FOOD SERVICES and CHRIS RADY,

    Defendants.

Case No. 01 C 5429

Hon. Harry D. Leinenweber

DOCKETED
JAN 1 0 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerry Lee McCabe brings this *pro se* complaint against Chris Rady and Aramark Food Services, providers of food services at the Joliet Department of Human Services Treatment and Detention Facility where he is confined, alleging infringement of his Eighth Amendment rights in contravention of 42 U.S.C. § 1983. Before the Court is Defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### BACKGROUND

Mr. McCabe is currently and has, at all relevant times, been confined to the Department of Human Services Treatment and Detention Facility (the "DHS") in Joliet, Illinois. In February 2001, the Plaintiff was diagnosed with diabetes and on March 23, 2001, a Department of Human Services doctor ordered that Mr. McCabe be placed on a 2200 calorie, American Diabetes Association (the "ADA diet") diet. According to the complaint, the doctor later

changed this to a 1800 calorie ADA diet. According to Mr. McCabe, the defendants Aramark and Chris Rady were repeatedly notified by Mr. McCabe and others regarding his special dietary needs. Chris Rady, an Aramark supervisor, allegedly assured DHS administrators and medical personnel that Mr. McCabe would receive "diabetic meals." Plaintiff alleges that, despite such assurances, he has to date never received meals conforming to his medically prescribed 1800 calorie ADA diet and continues to receive food which he cannot eat because of his condition. Plaintiff further alleges that Defendants' refusal to provide him with his medically prescribed diabetic diet puts him at substantial risk of suffering hypoglycemic shock and other medical complications arising from diabetes. McCabe filed this Section 1983 claim against Aramark and Rady claiming that Defendants' failure to provide him with his medically prescribed diabetic diet amounts to deliberate indifference to his medical needs in violation of his Eighth Amendment rights. Defendants have moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

### Standard

A motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will ultimately prevail on the merits; the motion tests whether the plaintiff has properly stated a claim. *Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974). A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts that would support his claim for relief. *Hentosh v. Herman M. Finch Univ.*, 167 F.3d 1170, 1173 (7th Cir. 1999). When deciding a motion to dismiss, the Court accepts all well-plead allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Lachmund v. ADM Investor Services, Inc.*, 191 F.3d 777, 782 (7th Cir. 1999). Finally, when deciding a motion to dismiss, complaints drafted by *pro se* litigants are held to a less stringent standard than those drafted by attorneys. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000).

**Defendants' Motion to Dismiss**

Plaintiff alleges that Rady and Aramark failed to provide him with foods that satisfy his medically prescribed dietary requirements, thereby demonstrating "deliberate indifference" to his serious medical needs in violation of his Eighth Amendment rights. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Defendants argue that Plaintiff has not made out a claim under Section 1983 because he fails to allege facts which support his claim that Defendants acted with deliberate indifference. Defendants further contend that even under a liberal reading of the Amended Complaint, Plaintiff fails to allege that the meals he is provided with do not comply with ADA guidelines. We disagree. In the Amended Complaint, Plaintiff clearly alleges that Rady and Aramark were

aware of his need for medically prescribed diabetic meals (Paragraphs 12, 13 and 14) and that "plaintiff was not receiving ADA Diabetic meals" (Paragraph 13). Plaintiff also alleges that Defendant Rady, after being repeatedly told about Plaintiff's medical condition and dietary needs, informed Plaintiff that there is no such thing as a "diabetic diet" and that if Plaintiff didn't like what he was being served, he didn't have to eat it. While Plaintiff may not ultimately establish the facts necessary to prevail on the merits of his claim, his allegations are sufficient to make out a claim of "deliberate indifference" under Section 1983. *See Taylor v. Anderson,* 868 F. Supp. 1024 (N.D. Ill. 1994) (denying defendant's motion to dismiss Section 1983 claim for failure to provide prisoner with diabetic meals).

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: January 8, 2002